The question reserved for the opinion of the Court is, whether letters of administration granted in the State of Georgia shall be valid and entitle the administrators to recover in this State property which was in this State at the time the intestate died, under whom the plaintiffs claim.
By the Court. The only point in this case upon which we deem it proper to give an opinion is that which is specially stated and made the question upon the record; for being thus particularly reserved by the Court, it is to be intended that they wished it to undergo a further consideration, and that the parties expected by its decision to (290) have a decision of the cause. Had the facts alone been found by the jury, and the verdict left at large for the judgment of the Court, the application of the law to it must have been guided by all the circumstances of the case, and then it would have been competent to inquire whether the objection made by the defendant to the letters of administration could be attended to, after pleading to issue. But as the objection was received by the Court, who has not suggested any doubts as to the mode of making it, but has desired a determination purely on its merits; as this Court has no power to correct the errors or reverse the decision of any other; and more especially, because it would introduce much confusion and defeat the end for which this Court was established if, when one question was especially referred to them, they should decide the cause upon others which might be collected from the record, we think ourselves confined to the question which has been made. Upon that some decisions have heretofore taken place in the Superior Courts in *Page 246 
conformity with the cases to be found in the books tending to show that letters of administration granted in a foreign country will not enable the administrator to recover goods. The reasons of those cases in England, arising from the peculiar organization and powers of the Ecclesiastical Courts, may not apply with sufficient force to this country to warrant the adoption of the doctrine in its full extent, but so far as their analogy extends to prove that an administration granted in another State will not enable the administrator to recover goods of the intestate situated in this, their authority is supported by justice, reason, and convenience, compelling the person to whom administration is granted to give security for the payment of debts, prevents injustice being done to the creditors here, who may have trusted the intestate, upon the faith of the property he possessed, and who would otherwise be under the necessity of pursuing the administrator into other states. A different policy or a collision of laws might there postpone the priority he had here, and perhaps in some instances deprive him of his debt, notwithstanding (291) the most diligent endeavor to procure payment. In addition to the propriety of affording all possible security to the creditors in this State, cases may arise where a foreign administration may be obtained upon effects here which may thus be removed to another state, although the intestate might have died without relations, entitled to a distribution, either by the laws of one country or the other. Our Act of Assembly, which in such cases vests the goods in the State, after payment of debts, would become nugatory.
Cited: Leake v. Gilchrist, 13 N.C. 81; Smith v. Munroe, 23 N.C. 347;Plummer v. Brandon, 40 N.C. 194; Sanders v. Jones, 43 N.C. 247;Morefield v. Harris, 126 N.C. 627; Hall v. R. R., 146 N.C. 346.
NOTE. — See Anonymous, 2 N.C. 355, and the second note thereto. See also Nisbet v. Stewart, 19 N.C. 24.